IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Pierson Reynolds, Jr.,  Case No. 1:20-cv-02159-JGC

   Petitioner

  v.  **ORDER**

Warden Michael Phillips

   Respondent.

  Petitioner Pierson Reynolds, Jr. is serving a 15-year sentence following his conviction after pleading guilty in Cuyahoga County, Ohio Common Pleas Court to: (1) one first-degree count of aggravated burglary; (2) one second-degree count of robbery; (3) one first-degree count of aggravated robbery; (4) one second-degree count of felonious assault; and (5) two second-degree counts of burglary. (Doc. 5-1, pgID 78).

  On September 23, 2020, he filed a Petition for habeas corpus relief under 28 U.S.C. § 2254. (Doc. 1). On January 7, 2021, the Respondent Warden filed a Return of Writ. (Doc. 5). On February 5, 2021, Petitioner filed his Traverse. (Doc. 6).

  On June 12, 2023, Magistrate Judge Jennifer Dowdell Armstrong filed her Report & Recommendation (R&R) recommending dismissal and denial of a Certificate of Appealability. (Doc. 8). On July 17, 2023, Petitioner filed his Objection to the R&R. (Doc. 12). On August 4, 2023, Respondent filed his Response to the Objection. (Doc. 13).

The Petition asserts one ground for relief – that "[a] prosecutor's plea agreement withdrawal based on no justifiable reason is vindictive and violates due process." (Doc. 1, pgID 6).

On *de novo* review and consideration of the merits, I agree with the Magistrate Judge's R&R and adopt it. On that basis, I dismiss the Petition and decline to grant a Certificate of Appealability.

## Background

The Magistrate Judge includes a thorough discussion of the relevant factual background and procedural history in the R&R, and I adopt her recitation in its entirety.[1] (Doc. 8, pgID 273-79).

A Cuyahoga County, Ohio Common Pleas Court grand jury indicted Petitioner on 15 counts related to a "series of incidents involving elderly individuals who were accosted" in September 2016. (Doc. 5-1, pgID 84). Petitioner initially pleaded not guilty, but, in May 2017, he withdrew that plea and entered a plea of guilty to six counts. (*Id.*). The trial court dismissed the remaining counts. The State recommended a 13-year sentence and the payment of restitution. (*Id.*). The trial court informed Petitioner that it was not bound by the State's recommendation of a 13-year sentence, and Petitioner indicated that he understood. (*Id.*, pgID 104). During the same hearing, defense counsel requested a psychiatric evaluation for Petitioner, and the trial court referred him to a clinic for evaluation. (*Id.*, pgID 105).

The evaluation determined Reynolds, Jr. to be incompetent to stand trial due to psychological issues. (*Id.*). The trial court ordered hospitalization to restore Petitioner to

---

[1] I conclude, as did the Magistrate Judge, that Petitioner properly exhausted his claim and did not procedurally default on it.

2

competency. (*Id.*). While Petitioner was in the hospital, his case transferred to the mental health docket in front of a different trial judge. (*Id.*).

Petitioner, deemed competent following his discharge from the hospital, then appeared before the mental health court. (*Id.*). His counsel moved to vacate his guilty plea. (*Id.*, pgID 106). During the hearing, the prosecutor said that the State's original recommendation for a 13-year sentence would be "off the table" if Petitioner withdrew his plea. (*Id.*). Petitioner's counsel stated that would not, as a "practical matter," be a "problem." (*Id.*). The mental health court stated that the State was acting in "bad faith" by withdrawing the 13-year recommendation because it negotiated that recommendation with an incompetent defendant. (*Id.*, pgID 203). The court nevertheless granted Petitioner's motion to vacate his guilty plea. (*Id.*, pgID 204).

Petitioner later pleaded guilty again, and, on March 1, 2018, the trial court sentenced him to 15 years imprisonment. (*Id.*). Petitioner filed a direct appeal – arguing that the prosecution's abandonment of its 13-year sentence recommendation "for no justifiable reason" and the trial court's imposition of a 15-year sentence violated his constitutional right to due process. (*Id.*, pgID 86). The Ohio Eighth Appellate District affirmed Petitioner's sentence. (*Id.*, pgID 109). Petitioner then appealed to the Ohio Supreme Court – challenging only the prosecution's abandonment of the 13-year sentence recommendation. (*Id.*, pgID 117). The Ohio Supreme Court declined to accept jurisdiction. (*Id.*, pgID 125).

## Discussion

The Magistrate Judge concluded that Petitioner waived his due process challenge to the prosecutor's abandonment of the 13-year sentence recommendation. (Doc. 8, pgID 284-87). Citing *Tollett v. Henderson*, 411 U.S. 258 (1973), the Magistrate Judge reasons that Petitioner's competently-made guilty plea means he has waived any due process challenge as a result of the

3

prosecution's actions made before that plea. This is so because a competent guilty plea "represents a break in the chain of events which has preceded it in the criminal process." *Tollett, supra*, 411 U.S. at 267. The Magistrate Judge went on to conclude that none of the exceptions to the *Tollett* rule applied. (Doc. 8, pgID 285-87).

She also found that Petitioner's due process claim fails on the merits. (Doc. 8, pgID 287-94).

Petitioner objects both to the Magistrate Judge's finding of waiver and her determination that Petitioner's claim was, in any case, non-meritorious. (Doc. 12).

I need not address Petitioner's argument on waiver because I agree entirely with the Magistrate Judge's analysis that his claim is without merit.

For his claim to be meritorious, he would need to show that the state trial court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

He has not done so.

He argues that the 15-year sentence contravenes the Supreme Court's holding in *North Carolina v. Pearce*, 395 U.S. 711 (1969). There, the Supreme Court states, "it is a flagrant violation of the Fourteenth Amendment for a state trial court to impose a heavier sentence upon a reconviction for the explicit purpose of punishing the defendant for having succeeded in getting his original conviction set aside." *Pearce, supra*, 395 U.S. at 723-24.

Petitioner argues that *Pearce* applies because he "succeeded at reversing the conviction resulting from the first plea entered while [he] was found to be incompetent to enter a plea," and

4

"the state's pursuit of an enhanced sentence [was] to punish him of the withdraw of the plea." (Doc. 12, pgID 305-06).

But I agree with the Magistrate Judge that *Pearce* is distinguishable. There, two criminal defendants successfully overturned their convictions and resulting sentences in state post-conviction proceedings. *Pearce, supra*, 395 U.S. at 713-15. One defendant was convicted following a trial; the other following a guilty plea. *Id.* After subsequent trials and ensuing reconvictions, both defendants received sentences that were longer than the ones they had initially received. *Id.* The Supreme Court held that "[d]ue process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial," but the case involved vindictiveness specifically on the part of a sentencing judge. *Id.* at 725-26.

Reynolds, Jr.'s Petition only alleges vindictiveness on the part of the prosecutor, so I do not find *Pearce*'s holding applicable to his claim.

The Petitioner also invokes *Blackledge v. Perry*, 417 U.S. 21 (1974), which extended *Pearce* to vindictiveness on the part of prosecutors in a specific circumstance. There, a North Carolina jury convicted a defendant at trial of a misdemeanor. *Blackledge, supra*, 417 U.S. at 22. The defendant appealed his conviction, which, under North Carolina law, granted him an absolute right to a new trial. *Id.* Prior to the commencement of the new trial, the prosecutor obtained a felony indictment against the defendant. *Id.* at 23. The Supreme Court found that the felony indictment – a wholly separate charge from the conviction that the defendant was challenging – violated due process due to the prosecutor's vindictiveness in seeking that indictment. *Id.* at 27-28.

5

The facts here are distinguishable. The State did not seek an indictment against the Petitioner on wholly separate charges. Instead, it sought a longer sentence on charges that the Petitioner initially pleaded guilty to, albeit while not competent.

Because Petitioner's claim presents materially distinguishable facts from *Pearce* and *Blackledge*, the Ohio Eighth Appellate District's affirmation of his sentence was not contrary to any clearly established federal law from the Supreme Court. For these reasons, and the Magistrate Judge's thorough analysis of additional case law declining to extend the holdings of *Pearce* and *Blackledge*, Petitioner has not established a basis for relief under § 2254.

Finally, I also agree with the Magistrate Judge that there is nothing in the record suggesting that the prosecutor's alleged vindictiveness tainted the sentence Petitioner ultimately received. (Doc. 8, pgID 292-94). It is ultimately the sentencing judge's purview to determine an appropriate sentence. He was not bound by the prosecutor's recommendation.

There is no evidence in the record that the original trial judge presiding over Petitioner's case would have accepted the prosecutor's initial recommendation of a 13-year sentence.

In other words, Petitioner has not shown that, but for the prosecutor's alleged due process violation, he would have received a shorter sentence.

## Conclusion

While I am sympathetic to the state trial court's trepidation that the prosecutor's withdrawal of the 13-year sentencing recommendation was in "bad faith," Petitioner has not established a successful ground for relief under § 2254. Accordingly, it is hereby

ORDERED THAT:

1. The Petitioner's Objection (Doc. 12) to the Magistrate Judge's R&R (Doc. 8) be, and the same hereby is overruled;

2. I adopt the R&R (Doc. 8) as the Order of this court; and

6

3.  The Petition for habeas corpus relief under 28 U.S.C. § 2254(d) (Doc.1) be, and the same hereby is denied.

Further, jurists of reason could not rationally dispute this decision or its reasoning and rationale. Accordingly, I decline to issue a Certificate of Appealability.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge